ANNA O'BRIEN v. WILLIAM STAIGER.

Decided October 20, 1924.

Negligence—Injury to Tenant—Injury Resulted From Leaky Roof of Which Landlord Had Ample Notice—Allegation that Verdict Was Against Weight of Evidence Not Sustained—Charge to Jury that it was Landlord's Duty to Keep Premises in Reasonable Repair Approved—Verdict Not Excessive.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the rule, *Charles S. Moore.*

*Contra, William Elmer Brown, Jr.,* and *George A. Bourgeois.*

PER CURIAM.

This was an action for personal injuries. The plaintiff was a trained nurse, whose home was in an apartment building belonging to the defendant, she being the lessee of certain rooms on the top floor. On the 3d of October, 1921, she temporarily left a patient, whom she was nursing, and went to her home, intending to stay there only for a short time. As she came into her apartment, according to her testimony, she stepped in a pool of water, lost her balance and fell on the floor, breaking her hip. She claimed that the presence of the water upon the floor was due to a leak in the roof, of which the defendant had knowledge a sufficiently long time prior to the accident to remedy the defect, and that, consequently, he was responsible for her injuries.

The first contention is that the finding of the jury in favor of the plaintiff, which, by necessary implication, was based upon the conclusion that the accident happened practically in the way she described and under the conditions concerning which she testified, was against the weight of the evidence. Our reading of the testimony sent up with the state of the case satisfies us that the jury was justified in its finding; that is, that the water came through a leaky roof, and that the lack of repair of the roof was a matter of which the defendant had notice long enough before the accident to charge him with responsibility therefor.

The next point argued is that the verdict was contrary to the charge of the court. It is difficult to understand the theory upon which counsel rests this contention. The court instructed the jury that, in order to find a verdict for the

plaintiff, it must determine that the defendant, who was charged with the duty of using reasonable care to keep the roof of the apartment house in condition, and when it became out of repair to take reasonable steps to put it in repair, carelessly and negligently performed this obligation or did not perform it at all. The verdict, we think, is in harmony with this instruction.

The only other contention is that the verdict is excessive in amount. We do not think so. The plaintiff, as has already been stated, was a trained nurse. According to her testimony (and it was uncontradicted), her average earnings were $6 a day, and her employment usually approximated forty-four weeks in the year. In other words, her earnings amounted to over $1,800 annually. The breaking of her hip has rendered her permanently lame and has made it very doubtful whether she will ever be able to resume her work as a nurse with any reasonable success. From the time of the accident up to the time of the trial a period of more than two years had elapsed, during all of which time she was entirely incapacitated from carrying on this work. That means approximately a loss of $3,600 for that period. The medical and surgical expenses incurred by her by reason of the accident amounted to $340. The award altogether was $7,000; that is, approximately $4,000 for her actual loss up to the time of the rendering of the verdict, and $3,000 as compensation for her pain and suffering and for her personal injuries, and for partial, if not complete, destruction of her earning power.

The rule to show cause will be discharged.